UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHRISTOPHER DANIEL GAY, )
)
    Petitioner, )
)
v. ) No. 1:19-CV-325-HSM-SKL
)
STATE OF TENNESSEE, )
)
    Respondent. )

## MEMORANDUM & ORDER

Petitioner Christopher Daniel Gay, a pretrial detainee currently incarcerated at the Southwest Virginia Regional Jail ("SWVRJ") in Meadowview, Virginia, is proceeding pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241[1]. Petitioner has filed a motion seeking to proceed *in forma pauperis* in this action [Doc. 4].

### I. FILING FEE

Inasmuch as Petitioner's *in forma pauperis* application and supporting documents demonstrate that Petitioner lacks the resources to pay the filing fee, the Court concludes that his motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

### II. DISCUSSION

#### A. Allegations of Petition

In August of 2019, Petitioner was advised that he had been placed under a detainer related to charges against him in Coffee County, Tennessee [Doc. 1 p. 5]. He claims that he learned that

---

[1] Petitioner filed the instant action under 28 U.S.C. § 2254 [Doc. 1]. However, because he is not challenging his confinement under a State-court judgment, but rather, his confinement under a detainer, the action is properly considered under § 2241. *See Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) (holding that while § 2254 applies after state-court judgment of conviction, § 2241 governs pre-trial petitions).

the charges would be federally prosecuted, and therefore, the State charges and detainer are no longer valid [*Id*. at 9]. Petitioner asserts that he filed motions in the Coffee County Criminal Court to lift the detainer, but that he never received any response [*Id*. at 9-10]. He asks this Court to *nolle prosequi* the State charges against him and order the detainer hold lifted [*Id*. at 15].

  **B.** **Analysis**

  **1.** **Jurisdiction**

Petitioner brought the instant petition in the district where the detainer was issued, rather than the district having jurisdiction over his custodian. A § 2241 petition must be filed in the federal district court having jurisdiction over the custodian. *See In re Hanserd*, 123 F.3d 922, 925 n. 2 (6th Cir. 1997). Petitioner is incarcerated at SWVRJ in Meadowview, Georgia. Neither he nor his custodian are located in the Eastern District of Tennessee. Therefore, this Court does not have jurisdiction over this § 2241 petition, and it will be **DISMISSED**.

  **2.** **Merits**

In the alternative, the Court finds that even if jurisdiction were proper in the Eastern District of Tennessee, the Court cannot grant Petitioner the relief sought. Federal courts have authority to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While this right extends to pre-trial detainees, a federal habeas court typically will not "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (citation omitted). Therefore, while a petitioner may seek "to enforce the state's obligation to bring him promptly to trial" in a § 2241 petition, he typically may not attempt to derail a pending state proceeding "by litigating a [constitutional] defense to a prosecution prior to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Rather, the instances permitting a pretrial detainee to challenge his prosecution prior

to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). Petitioner has not presented the Court with an extraordinary claim that warrants federal intervention into his State-court proceedings.

Additionally, even if a petitioner may demonstrate that he has an extraordinary claim, he must "exhaust all available state court remedies before proceeding in federal court, and this usually requires that the[] [petitioner] appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. This exhaustion doctrine "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 534, 546 (6th Cir. 1981). Here, Petitioner concedes that he has not pursued relief past the Coffee County Criminal Court, and therefore, he has not exhausted his available State-court remedies. *See Phillips*, 668 F.3d at 810.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* [Doc. 4] is **GRANTED**, and the instant petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and, alternatively, want of exhaustion. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability from this decision is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); s*ee also Greene v. Tenn. Dep't of Corrs.*, 265 F.3d 369, 371 (6th Cir. 2001). Additionally, it is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE